**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schwann Napolean Hanns,<br><br>          Plaintiff,<br><br>vs.<br><br>State Farm Fire and Casualty Company, et al.,<br><br>          Defendants. | No.  CV-22-01082-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Rule 15(d) Motion for Leave to Supplement Pleadings (Doc. 74) and Defendant's Motion to Extend Certain Pretrial Deadlines (Doc. 76). The Court rules as follows.

**I.     BACKGROUND**

On May 25, 2022, Plaintiff Schwann Napolean Hanns initiated this action against Defendant State Farm Fire and Casualty Company in Maricopa County Superior Court. (Doc. 1-3). In the operative First Amended Complaint ("FAC"), Plaintiff alleges five counts: (1) breach of insurance contract, (2) breach of implied covenant of good faith and fair dealing, (3) declaratory judgment regarding fair rental value coverage, (4) equitable relief under the doctrine of reasonable expectations, and (5) punitive damages. (Doc. 1-3 at 15–29). On June 24, 2022, Defendant removed the case to this Court. (Doc. 1).

On December 16, 2020, Plaintiff made a demand for appraisal "for the whole loss and damage," including to the dwelling, personal property, and loss of use. (Doc. 17-1 at 75). On December 29, 2020, Defendant acknowledged the demand, stating that "[t]he

scope of damages outlined in State Farm's estimate and loss payments will be the covered damages for purposes of this appraisal." (Doc. 17-1 at 78). On March 28, 2023, the appraisal panel issued its "Appraisal Award."[1] (Doc. 17-1 at 2). The panel found that the amount of loss to the structure was $90,328.38 actual cash value ("ACV") and $106,268.68 replacement cost value ("RCV"). (Doc. 17-1 at 2). The panel found that the amount of loss to personal property was $19,683.13 ACV and $20,410.10 RCV. (Doc. 17-1 at 2). Finally, the panel awarded additional living expenses of $670 per day for fair rental value for 628 days since the date of the loss plus three months repair time. (Doc. 17-1 at 2).

On December 22, 2022, Plaintiff filed a Motion to Confirm the Appraisal Award (Doc. 17) and moved for summary judgement regarding his claim for lost rental value (Doc. 18). On January 23, 2023, Defendant filed its Cross-Motion for Summary Judgment. (Doc. 22). On June 14, 2023, the Court found that there was a genuine dispute of material fact as to loss-of-use coverage for additional living expenses. (Doc. 43). Thus, the Court denied Plaintiff's Motion to Confirm Appraisal Award and both parties' motion for summary judgment with respect to the award of additional living expenses for fair rental value. (*Id.*).

In September 2023, Defendant sent Plaintiff a letter acknowledging that Plaintiff is entitled to additional living expenses for fair rental value and issued Plaintiff a payment of $39,600. (Doc. 74-2). On October 6, 2023, the parties filed a Joint Motion for Discovery Dispute Resolution and Plaintiff moved to submit additional written discovery, to supplement his expert disclosures, and to extend all discovery deadlines by 90 days. (Doc. 68). On October 18, 2023, the Court found no compelling reason to reopen the discovery deadlines that have already passed and denied Plaintiff's request. (Doc. 71). On October 27, 2023, Plaintiff filed this Rule 15(d) Motion for Leave to Supplement Pleadings to supplement the FAC with two additional claims arising out of Defendant's September 18, 2023 letter. (Doc. 74). This motion has been fully briefed. (Docs. 74, 77, 80). On October

---

[1] The Appraisal Award was signed by Plaintiff's chosen appraiser and the umpire, but not Defendant's chosen appraiser (Doc. 17-1 at 2).

31, 2023, Defendant filed a motion to extend the deposition and dispositive motion deadlines. (Doc. 76). The Court addresses each motion separately.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), a district court may allow a party to serve a supplemental pleading to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15. "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981).

"The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion [to amend] under Rule 15(a)." *Athena Feminine Techs. Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 450147, at *2 (N.D. Cal. Feb. 6, 2013). The relevant factors for determining whether to grant a motion to amend are undue delay, futility, bad faith, and prejudice to the opposing party. *Id.* The district court has "broad discretion" in ruling on a Rule 15(d) motion. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988).

## III. DISCUSSION

### a. Plaintiff's Motion to Supplement Pleadings

#### i. Undue Delay and Futility

In evaluating undue delay, courts consider whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1251 (D. Nev. 2014). Plaintiff alleges that Defendant's September 18, 2023 letter gave rise to claims that were never at issue before. (Doc. 74 at 1). In the letter, Defendant informed Plaintiff that it was issuing a payment in the amount of $39,600 to cover Plaintiff's additional living expenses for fair rental value for an eight-month period. (Doc. 74-2). This amount is significantly lower than the amount listed in the Appraisal Award for additional living expenses and does not

include the time taken to adjust and appraise the loss. (*See* Doc. 17-1 at 2).

One month after receiving the letter, Plaintiff filed this Motion claiming that Defendant "rejected [his] evidence of actual rental offers on his home, and rejected the appraisers' findings of fact as to the amount of his Loss of Use claim." (Doc. 74 at 4–5). Plaintiff argues that the Court should grant him leave to supplement the FAC to add these additional claims because there was no undue delay. The Court looks at the events leading up to the September 18, 2023 letter to determine whether Plaintiff knew or should have known about these alleged breaches sooner. In December 2022, Plaintiff filed his Motion to Confirm Appraisal Award, in which he limited the confirmation of the Appraisal Award to Dwelling and Personal Property losses because "[t]here [was] a coverage dispute with respect to the Additional Living Expense ("ALE") benefits" that the parties addressed in a separate motion. (Doc. 17 at 6). The dispute addressed whether Plaintiff was entitled to additional living expense benefits, however, the parties never addressed the amount listed in the Appraisal Award. So, when the Court ruled on the Motion to Confirm Appraisal Award, it held that it would not confirm the Appraisal Award for the award of fair rental value because there were ongoing disputes of coverage and facts outside the amount of the loss. (Doc. 43 at 11). In June 2023, Plaintiff's counsel sent a letter to Defendant stating that Plaintiff "will claim that State Farm's breaches of contract and bad faith obligate State Farm to pay fair rental value for the entire time period the home was uninhabitable plus the restoration period as established by the appraisers." (Doc. 77 at 19). Although Plaintiff had suspicions about the likelihood of a breach, Plaintiff did not learn that Defendant committed the alleged breach until after he received the September 18, 2023 letter. Therefore, the Court finds that there has been no undue delay. The Court also finds that Plaintiff's claims are not futile.

///

///

///

///

### ii. Bad Faith

Defendant alleges that Plaintiff filed this Motion to circumvent the Court's Order (Doc. 71) which dismissed Plaintiff's request to submit additional written discovery, to supplement his expert disclosures, and to extend all discovery deadlines by 90 days. (Doc. 77 at 11). Plaintiff denies that it is his intention to delay trial or reopen discovery. (Doc. 80 at 5). The Court, however, is not convinced that this is true. In the parties' Joint Motion for Discovery Dispute Resolution (Doc. 68), Plaintiff specifically asked to "extend *all* deadlines by 90 days to address the new issues created by State Farm's claim department . . .." (Doc. 68 at 3) (emphasis added). There were no actions taken to supplement the FAC until after the Court denied the parties' request to reopen discovery. In fact, Plaintiff based the necessity of supplementing the pleadings on whether the Court would allow him to prolong litigation by extending all discovery deadlines by an additional three months. (*See* Doc. 78 at 2 ("In hindsight, the parties should have made the Court aware of the *potential necessity* of supplementing the pleadings before attempting to follow the Court's processes in raising the discovery disputes.")) (emphasis added). Clearly, this Motion is an attempt to work around the discovery deadlines. Accordingly, the Court finds that this Motion was filed in bad faith.

### iii. Prejudice to the Defendant

While all the factors discussed above are relevant, "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("it is the consideration of prejudice to the opposing party that carries the greatest weight."). The Ninth Circuit has held that a motion for leave to amend a complaint on the eve of the discovery deadline is prejudicial to the defendant because it delays proceedings. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Here, Plaintiff seeks to supplement the FAC *three* months after the discovery deadline.[2] This is also an

---

[2] The Court granted the parties additional time to complete expert dispositions. (Doc. 61).

aging case that began almost a year and a half ago. *See Athena Feminine Techs. Inc.*, No. C 10-4868 SBA, 2013 WL 450147, at *3 ("[P]ermitting amendment at this late stage of the litigation would be unduly prejudicial to Defendants."); *see also Ketroser v. 7-Eleven, Inc.*, No. 19-CV-05231-MMC, 2022 WL 17861432, at *1 (N.D. Cal. Dec. 22, 2022) (denying the plaintiff's motion to supplement the complaint). In sum, the Court finds that this Motion is prejudicial to Defendant. Accordingly, Plaintiff's Rule 15(d) Motion for Leave to Supplement Pleadings is denied. *See Solomon*, 151 F.3d 1132, 1139 ("The district court's conclusion that [the plaintiff's] motion to amend would cause undue delay and prejudice was not an abuse of discretion.").

### b. Defendant's Motion to Extend Deadlines

Defendant moves to extend the deposition and dispositive deadlines because the parties deferred the previously scheduled depositions until the recent discovery dispute was resolved. (Doc. 76 at 1). Plaintiff does not object to this request. (Doc. 78 at 3). Instead, Plaintiff opposes Defendant's request because it does not include an additional request to reopen discovery to address Defendant's recent payment to him for additional living expenses. (*Id.*). This is Plaintiff's second time raising this issue. (Doc. 68 at 2–3). The Court's previous denial of this request still stands. (Doc. 71). Accordingly, the Defendant's request to extend certain deadlines will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 15(d) Motion for Leave to Supplement Pleadings (Doc. 74) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Certain Pretrial Deadlines (Doc. 76) is **granted**.

**IT IS FURTHER ORDERED** that the depositions for Robert Ryan, Thomas Allen, Mark Rodriguez, Lesley Adams, and James Hamstra must be completed by **December 15, 2023**.

**IT IS FURTHER ORDERED** that dispositive motions shall be due by **December 29, 2023**.

**IT IS FURTHER ORDERED** that parties and their counsel shall meet in person and engage in good faith settlement talks no later than **January 31, 2024**.

Dated this 4th day of December, 2023.

Honorable Steven P. Logan
United States District Judge